■ JOANN COLETTI et al., Appellants, v JAMES F. MATTHEWS et al., Respondents, et al., Defendants. [638 NYS2d 208] —Crew III, J. Appeal from that part of an order of the Supreme Court (Monserrate, J.), entered May 24, 1995 in Broome County, which denied plaintiff's motion for possession of certain equipment and granted a cross motion by defendants James F. Matthews and Douglas Matthews for exclusive possession of certain real property.

On or about January 1, 1990, defendant James F. Matthews leased certain real property to plaintiff Zaveau, Inc. for use as a restaurant and bar. In November 1991, Zaveau entered into an arrangement with Susan Dunn, whereby Zaveau sold certain restaurant equipment, fixtures, inventory and assets to Dunn for $80,000. Although not entirely clear from the record, it appears that the plan was for Dunn to take possession of the items in question and manage the restaurant. In January 1992, Zaveau purportedly perfected a security interest in the items conveyed to Dunn and, ultimately, assigned that interest to plaintiff Joann Coletti. Dunn thereafter defaulted on her obligations and, in November 1994, filed for bankruptcy.

Between January 1992 and December 1994, the items in question remained stored at the demised premises, which apparently had not been operated as a restaurant since January 1992. In December 1994, defendants James F. Matthews and Douglas Matthews (hereinafter collectively referred to as defendants) entered into negotiations with defendants Richard Pichura and Adam Weitsman to rent the premises to them. Plaintiffs ultimately commenced this action seeking, *inter alia*, the return of the items in which they purportedly perfected a security interest. Defendants answered and counterclaimed for, *inter alia*, exclusive possession of the demised premises. Insofar as is relevant to this appeal, plaintiffs thereafter moved for relief pursuant to CPLR 7101, and defendants cross-moved for an order granting them exclusive possession of the demised premises. Ultimately Supreme Court, *inter alia*, denied plaintiffs' motion for possession of the equipment, fixtures, inventory and assets, finding that ownership of the items was in dispute, and granted defendants' cross motion for exclusive possession of the demised premises. This appeal by plaintiffs followed.

We affirm. Plaintiffs, as so limited by their brief, contend only that Supreme Court erred in failing to order the return of the items in which they purportedly perfected a security interest and, further, that defendants were not entitled to maintain an action for ejectment because defendants had already regained possession of the demised premises. Plaintiffs are incorrect on both counts. With respect to the items conveyed to Dunn, as Supreme Court appropriately noted, defendants contend that they in fact own many of the items in which plaintiffs claim to have perfected a security interest, and even a cursory review of the numerous items conveyed to Dunn, which included built-in shelves, sinks and coolers, would appear to support defendants' contention that at least some of these items simply were not plaintiffs' to convey in the first instance. Accordingly, we agree with Supreme Court that ownership of these items cannot be established at this juncture and, as such, plaintiffs' motion for exclusive possession was properly denied. Plaintiffs' assertion that defendants' subsequent reentry into the demised premises precludes them from maintaining an action for ejectment is similarly unavailing, inasmuch as plaintiffs have, throughout the course of this litigation, continued to assert an interest in the demised premises (*see, Raffaeli v Pomeroy*, 193 App Div 958, *affd* 233 NY 513).

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.